**VIRGIN ISLANDS PORT AUTHORITY, Appellant**

**v.**

**GOVERNMENT EMPLOYEES SERVICES COMMISSION, PATRICIA M. FITCH, Appellees**

[983 F.2d 548]

No. 92-7271

United States Court of Appeals

for the Third Circuit

January 14, 1993

---

ANDREW L. CAPDEVILLE, ESQ., Charlotte Amalie, St. Thomas, *for appellant*

VINCENT F. FRAZER, ESQ., Charlotte Amalie, St. Thomas, *for appellee, Government Employees Services Commission*

SUSAN BRUCH MOOREHEAD, ESQ. (GRUNERT, STOUT, MOORE & BRUCH), Charlotte Amalie, St. Thomas, *for appellee, Patricia M. Fitch*

BEFORE: BECKER, COWEN and ROTH, *Circuit Judges*

OPINION OF THE COURT

BECKER, *Circuit Judge*

This appeal presents the question of which agency—the Virgin Islands Port Authority ("VIPA") or the Virgin Islands Government

Employees Service Commission ("GESC")—possesses jurisdiction to determine the validity of the discharge from employment of a permanent VIPA employee. VIPA appeals from an order of the District Court of the Virgin Islands which affirmed the decision of the GESC ordering reinstatement of Patricia Fitch. VIPA's principal argument is that the GESC lacked jurisdiction because VIPA is an autonomous governmental entity and Fitch's dismissal by the governing board of VIPA is not subject to GESC review. We agree with the district court that jurisdiction lies with the GESC, hence we affirm.

I.

In September 1979, Fitch was hired by VIPA for the position of "port attorney." After completing a six month probationary period required of all VIPA employees, Fitch was given "permanent" status as a career employee. In March 1988, Fitch was assigned a new title of Director of Property Management and Legal Affairs, which resulted in her acquiring additional responsibilities but no salary increase. At that time, there was no indication that Fitch's new title would change her status as a permanent career employee.

On April 10, 1991, VIPA's new governing board demanded that all directors of VIPA submit their resignations. Fitch refused to resign. On April 19, 1991, Fitch was served with a letter terminating her employment, effective immediately, and alleging three causes for her discharge: (1) failure to resign when so directed; (2) statements that she made to the press concerning her refusal to resign; and (3) inadequate performance as Director of Property Management and "problems" with accounts receivable.

On April 29, 1991, Fitch filed a notice of appeal with the GESC requesting a hearing on the charges, reinstatement, back pay, and costs and attorneys' fees. A final hearing on the merits was then held before the GESC. On July 12, 1991, the GESC reversed Fitch's dismissal and ordered that the termination be reduced to a 10-day suspension without pay, and that after the suspension Fitch be reinstated.

VIPA filed a petition for writ of review with the District Court of the Virgin Islands. The district court filed a memorandum and order affirming the decision of the GESC. This appeal followed.

## II.

██ The question as to which agency possesses jurisdiction is a matter of construction of the relevant statutory scheme. In order to understand that scheme, we look first to the earlier case law in the area because that case law (on which VIPA relies) spawned the statutory changes that control the outcome of the case.

VIPA relies largely on the unpublished order of the District Court of the Virgin Islands in GESC v. George, No. 85-264 (D.V.I. Mar. 22, 1988), wherein the court held that the GESC did not have jurisdiction over the Virgin Islands Water and Power Authority ("WAPA") or any other autonomous government instrumentality (presumably including VIPA). With little discussion, the court relied on its earlier opinion in Shulterbrandt v. GESC, (D.V.I. Apr. 3, 1979) [App. 344], where it had declared void a statutory amendment that gave employees of WAPA a right to appeal to the GESC because, in the court's view, the amendment violated WAPA's enabling statute, which created WAPA as an autonomous instrumentality separate from the government of the Virgin Islands.

In 1980, however, after Shulterbrandt was decided, the legislature (presumably in response to that decision) amended the enabling statutes of both WAPA and VIPA. The VIPA enabling statute now provides, at 29 V.I.C. § 578:

> Nothing in this chapter shall be construed as exempting the Virgin Islands Port Authority from any law made specifically applicable thereto or generally applicable to independent instrumentalities of the Government of the Virgin Islands, whether such law was enacted before, on, or after the date of enactment of this section.

In 1984, the legislature amended the statutory provision pertaining to government employees' right to a GESC hearing specifically to include employees of VIPA and WAPA. The statute, 3 V.I.C. § 530(a), now provides:

> Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, including the Executive Directors of the Virgin Islands Water and Power Authority and the Virgin Islands Port Authority, decides to dismiss, demote, or suspend a regular employee, or employee of the Virgin Islands Water and Power Authority or the Virgin Islands Port Authority, for cause, he shall furnish the employee

with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission . . .

█ As the district court held in this case, these amendments make it clear that the GESC has jurisdiction over an appeal of a dismissal by a permanent VIPA employee. VIPA, however, contends that although George is unpublished, it is on public record, and that the legislature's failure to subsequently amend the applicable statutes in response to that decision shows the legislature's tacit acquiescence in the decision. We disagree. While it may be on public record, George is a two-page, unpublished order, and it is not reasonable to assume that any legislator read it or to further assume that failure to amend statutes which already clearly grant a VIPA employee the right of appeal to the GESC constitutes acquiescence in an opinion that fails to address those statutes. In short, notwithstanding the generalized autonomy of VIPA under the applicable statutory scheme, the GESC had jurisdiction over Fitch's dismissal.

B.

█ VIPA also argues that because Fitch was dismissed by VIPA's governing board, and not by the Executive Director of VIPA, she does not fall within § 530(a). The district court rejected this extremely narrow construction of the statute because such a construction would effectively write VIPA employees out of the provision. Under such a narrow construction, the governing board could do an end run around the GESC simply by having someone other than the executive director dismiss an employee. See Samuels v. GESC, 12 V.I.R. 581, 584 (D.V.I. 1976) (rejecting similar argument that dismissal by Acting Governor, rather than department head, removed dismissal from GESC jurisdiction). As the court explained in Samuels, § 530(a) grants government employees the protection of GESC appeals regardless of which individual performs the dismissal. Id. The plain language of § 530(a) does not suggest to us that it was intended to apply only if the executive director issued the dismissal. Moreover, the legislative history indicates that the purpose of the amendment was to provide VIPA employees with the same right of appeal to the GESC that was provided for other government employees. See Legislative History, Bill No. 15-0188 at

202

48-51 (May 22, 1984); id. at 45-49 (July 9, 1984) (transcripts). We therefore agree with the district court that the Board's dismissal of Fitch is appealable to the GESC under § 530(a).[1]

The order of the district court will be affirmed.

---

[1] VIPA has argued that even if the GESC had jurisdiction over Fitch's dismissal, Fitch was an "at will" employee with no reasonable expectation of continued employment that would entitle her to a GESC hearing. This argument is plainly without merit. The GESC found that Fitch had been a permanent employee of VIPA since 1979, and that without a showing of cause, the Board could not require her resignation. This finding, which the district court upheld, is clearly supported by the record. VIPA's contention that because Fitch was an attorney, she could be fired by her "client" at will, is frivolous. Moreover, the fact that Fitch was an attorney does not exclude her from the statutory rights of § 530(a). Nothing in that provision suggests an exemption for government employees who are lawyers. At all events, the GESC found as a fact that Fitch's job was more of a management position than that of a lawyer representing VIPA.

Equally without merit is VIPA's argument that, even if the GESC properly exercised jurisdiction, a new GESC legal hearing should be granted because the GESC legal advisor, Vincent F. Frazer, was at one time employed by VIPA at the request of Fitch and was therefore biased. At no time did Frazer act as a fact finder in the case. In the absence of any further evidence, Frazer's former employment by VIPA is insufficient to establish bias.