# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

NYCOLE THOMPSON,      )
                                     )    Case No. ST-18-CV-720

         Petitioner,       )

                                       )    ACTION FOR WRIT

         vs.                      )    OF REVIEW

                                       )

PUBLIC EMPLOYEES RELATIONS BOARD   )    Cite as 2021 VI Super 16
AND VIRGIN ISLANDS PORT AUTHORITY,   )

                                       )

         Respondents.       )

**NAMOSHA BOYKIN, ESQ.**
The Boykin Law Firm
2369 Kronprindsens Gade, Ste. 8-310
St. Thomas, V.I. 00802
*Attorney for Petitioner*

**KYE WALKER, ESQ.**
The Walker Legal Group
2201 Church Street, Suite 16AB
Christiansted, St. Croix, V.I. 00820
*Attorney for Virgin Islands Port Authority*

**HENRY C. SMOCK, ESQ.**
SMOCKLAW, P.C.
P.O. Box 1498
St. Thomas, V.I. 00804
*Attorney for Public Employees Relations Board*

**LARRY RAYMOND-ROY, ESQ.**
Public Employees Relations Board
P.O. Box 25435
Gallows Bay, St. Croix
U.S. Virgin Islands 00824 -1435
*Attorney for Public Employees Relations Board*

**CARTY, RENÉE GUMBS,** Judge

## MEMORANDUM OPINION

¶ 1.    **THIS MATTER** is before the Court on appeal from a decision and order of the Public

Employees Relations Board ("PERB"), issued on October 9, 2018. Petitioner Nycole Thompson was

terminated from her position as General Counsel at the Virgin Islands Port Authority ("VIPA") and

appealed her termination to VIPA's board. She then appealed to PERB, which found that it lacked

jurisdiction because Thompson was not a "regular employee" and dismissed the matter. Thompson

filed a Petition for Writ of Review on November 7, 2018. The Court granted the petition and now

resolves parties' arguments, which have been fully briefed. Thompson asks the Court to set aside PERB's Decision and Order, arguing that she was a "regular employee" under 3 V.I.C. § 530. For the reasons below, the Court holds that Thompson was not a regular employee of VIPA under section 530, and therefore had no right to appeal her termination to PERB. Accordingly, PERB was correct to find that it lacked jurisdiction. The Court therefore affirms PERB's Decision and Order.

## I.    Factual and Procedural Background

¶ 2.    In 2013, Thompson responded to a job announcement for the position of Senior Staff Attorney at VIPA. (PERB-00005). She interviewed with the Human Resources Director and General Counsel, was offered the position, and accepted it. She went through an orientation process and was issued a Notice of Personnel Action effective December 2, 2013. Thompson successfully completed the six-month probation period ending on June 2, 2014, and served in that position for roughly two years. (PERB-00006).

¶ 3.    In August 2015, Thompson applied for the position of General Counsel at VIPA. (PERB-00005). She interviewed with the members of VIPA's Governing Board and the Executive Director and accepted an offer letter dated October 27, 2015. Her effective date as General Counsel was November 2, 2015, with a ninety-day probation period commencing that day. Thompson worked in this position for approximately two years and four months. Her duties included managing the legal division, handling court cases and hearings, reviewing and drafting contracts, attending board meetings and other meetings, and attending hearings at the Legislature and government agencies. (PERB-00006). She worked with the Senior Staff Attorney and outside counsel. Her immediate supervisor was the Executive Director and she responded to inquiries of the Governing Board. (PERB-00006).

¶ 4.    On February 21, 2018, the Executive Director sent Thompson an email with a letter attached titled "Quality of Legal Work-Contracts and Documents." (PERB-00514). The email was copied to the Governing Board and the Assistant Executive Director. Thompson responded on February 28, 2018. Three weeks later the Governing Board voted to terminate Thompson, effective March 22, 2018. (PERB-00007). In accordance with VIPA's Personnel Rules and Regulations (Section 2.17- Right to Appeal), Thompson filed an appeal to the Governing Board Chairperson requesting reconsideration of her termination. On April 4, 2018, the Chairperson advised Thompson her request was denied.

¶ 5.    On April 3, 2018, Thompson filed an appeal with PERB requesting relief pursuant to 3 V.I.C. § 530a. (PERB-00002). Over a period of four days, August 17, 2018, September 24, 2018, October 1, 2018, and October 4, 2018, PERB conducted hearings on the issue of jurisdiction. PERB issued its Decision and Order dated October 9, 2018, determining it did not have jurisdiction and dismissing the appeal.

¶ 6.    The only issue before this Court is whether PERB correctly determined that it lacked jurisdiction over Thompson's appeal because she was not a "regular employee" within the meaning of 3 V.I.C. § 530. The Court agrees with PERB.

## II.    Jurisdiction and Standard of Review

¶ 7.    The Court has jurisdiction pursuant to 3 V.I.C. § 530a(a) and 5 V.I.C. §§ 1421-23. Title 3, section 530a provides that "[a]ny party aggrieved by any final order of the PERB issued under section 530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands." 3 V.I.C. § 530a(a): *see also* 5 V.I.C. § 1421. A writ of review is available when an "officer, board, commission, authority or tribunal . . . appears to have exercised [its] functions erroneously, or to have exceeded [its]

jurisdiction, to the injury of some substantial right of the plaintiff." 5 V.I.C. § 1422. On review, the Court may enforce the order, modify the order and enforce it, set it aside, or return the matter to the PERB with instructions for further proceedings. 3 V.I.C. § 530a(c); *see also* 5 V.I.C. § 1423.

¶ 8.    On appeal from PERB, "the Superior Court functions as an appellate court." *V.I. Narcotics Strike Force v. Gov't of the V.I. Pub. Emps. Relations Bd.*, 60 V.I. 204, 218 (V.I. 2013) (citing 3 V.I.C. § 530a(a)–(c)). "[A]ll questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole." 3 V.I.C. § 530a(b). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Hansen v. V.I. Water & Power Auth.*, 56 V.I. 25, 35 (V.I. Super. Ct. 2012). The Court "applies a plenary standard of review with respect to pure questions of law." *Bryan v. Fawkes*, 61 V.I. 201, 223 (V.I. 2014). Virgin Islands courts need not defer to agency interpretations of statutes. *Id.* at 224 n.16 (rejecting *Chevron* and *Skidmore* deference).

## III.    Discussion

¶ 9.    Thompson argues that PERB incorrectly found it lacked jurisdiction over her appeal. First, she argues that PERB erred in finding she was not a "regular employee" within the meaning of 3 V.I.C. § 530. Second, she argues that the hiring process she went through with VIPA was tantamount to that required for an appointment to the career services under 3 V.I.C. §§ 521–35. Third, she argues that VIPA could not evade PERB's jurisdiction by terminating her using the Board of Directors rather than the Executive Director. As explained below, the first issue is outcome determinative, so the Court will address Thompson's second and third arguments only summarily.

### a. Thompson was not a regular employee within the meaning of title 3 of the Virgin Islands Code.

¶ 10. Title 3, Chapter 25 of the Virgin Islands Code sets out the Personnel Merit System for employees of the Virgin Islands Government and its instrumentalities. 3 V.I.C. §§ 451–690. Section 530(a) contains the procedures for dismissals and defines PERB's jurisdiction over appeals from dismissals. It reads:

> (1) Notwithstanding any other provision of law, in any case after January 1, 1977, before a head officer of an executive department, agency or instrumentality of the Government dismisses, demotes or suspends a regular employee of a department, agency or instrumentality of the Government, the head officer shall furnish the employee with a written statement of the charges against the employee. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the head officer and the Attorney General.

> (2) As used in this section:

>> (A) "head officer" means the Commissioner of an executive branch department, the director of an executive branch agency or instrumentality or the director, executive director, chief executive officer, president or other titular head of an instrumentality of the Government of the Virgin Islands.

>> (B) Instrumentality of the Government includes

>>> (i) the Virgin Islands Water and Power Authority;

>>> (ii) the Virgin Islands Port Authority;

>>> . . .

>> (C) "Regular employee" means an employee who:

>>> (i) has been appointed to a position in the classified or career service or served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality, as defined in subparagraph (B) of this subsection or and

> > (ii) who is not on contract, is not on probation, and therefore subject to dismissal, demotion or suspension, only for cause.

3 V.I.C. § 530. As section 530(a)(1) makes clear, a regular employee of an instrumentality, which includes VIPA, can appeal their dismissal to PERB. The issue then becomes whether Thompson is a "regular employee" as defined by section 530(a)(2)(C). This provision contains a confusing drafting error—the two-part definition is connected by the words "or and."

¶ 11.   Chapter 25 also contains definitions in sections 451 and 451a. An older definition of "regular employee" in section 451 defines the term as "an employee who has been appointed to a position in the classified service in accordance with this chapter after completing his working test period." 3 V.I.C. § 451. Both definitions of "regular employee" refer to the "classified" or "career" service, which are defined in section 451a:

> (a) The Government Service includes the career service and the positions exempted from the career service.

> (b) The exempt positions are those of—

> > . . .

> > (7) employees of the—

> > > (i) University of the Virgin Islands;

> > > (ii) Virgin Islands Water and Power Authority; and

> > > (iii) Virgin Islands Port Authority; and

> > (8) an officer or employee in a position of a policy-determining nature when the position is so designated by the Governor and submitted to the Legislature; and an employee who is a special assistant, or who is on special assignment to, or whose position requires a confidential relationship with a policy-making official when the position is so designated by the Governor and submitted to the Legislature.

> (c) All positions in the Executive Branch of the United States Virgin Islands Government not exempted under subsection (b) of this section shall be in the career service.
>
> (d) The terms "career service" and "exempt service" are intended to be synonymous with the terms "classified service" and "unclassified service", respectively, as heretofore used in this Code.

An employee is either in the classified service or they are exempt. Employees in the classified service are further divided into "two subcategories: employees who are regular and those who are not regular . . . ." *Baumann v. Pub. Emps. Relations Bd.*, 68 V.I. 304, 319 (V.I. Super. Ct. 2018) (quoting *Iles v. de Jongh*, 638 F.3d 169, 173 (3d Cir. 2011)). By statute, all employees of VIPA are exempt and therefore not in the classified or career service. § 451a(b)(7)(iii). As regular employees are defined by both sections 451 and 530 as those "who ha[ve] been appointed to a position in the classified service," permanent employees of VIPA cannot be "regular" employees.

¶ 12.    Rather than confront the problem posed by section 451a(b)(7)(iii), Thompson urges the Court to look at section 530 in a vacuum because it was more recently enacted. She asks the Court to ignore sections 451 and 451a and read the two-part definition of "regular employee" in section 530 disjunctively, although the only other cases confronting this issue have done the opposite. Thompson believes that an employee who meets either sections 530(a)(2)(C)(i) or (ii) is a regular employee. The "or and" drafting error in section 530 was addressed at length in *Baumann*, 68 V.I. at 350–54, and the same analysis was adopted in *Willocks-Gonzalez v. Pub. Emps. Relations Bd.*, 71 V.I. 137, 146 n.7 (V.I. Super. Ct. 2019).

¶ 13.    The Court is persuaded by the reasoning in *Baumann* and sees no reason to depart from analogous precedent. *Baumann* held that the "or" in "or and" was simply a drafting error that should not be given effect. This conclusion was reached after analyzing various canons of statutory

construction and the full legislative history. If the word "or" was given effect under section 530(a)(2)(C)(ii), almost any employee of a government instrumentality would be terminable only for cause and would have due process rights in continued employment. An employee who was hired without undergoing a competitive examination process or probationary period could appeal to PERB. Under section 530(a)(2)(C)(i), an employee appointed to the classified service but just beginning their probationary period would also have the right to appeal their termination. This interpretation would run counter to the scheme of career service and the appeal rights envisioned by chapter 25 and would lead to absurd results. *Accord Baumann*, 68 V.I. at 353. Therefore, the Court finds that "and" was intended, and the two-part definition of regular employee is conjunctive.

¶ 14.   However, reading the definition conjunctively also appears contrary to the intent of the Legislature. The list of instrumentalities included in section 530 suggests the Legislature intended to confer appeal rights to at least some employees of government instrumentalities. Nevertheless, "most employees of instrumentalities are not regular employees because most employees of an instrumentality like [VIPA] do not hold positions in the classified service" and cannot appeal to PERB. *Id.* at 355. Reading the definition conjunctively allows a temporary employee serving more than two years to appeal to PERB, but not a permanent employee of VIPA. 3 V.I.C. § 530; *see also* 3 V.I.C. § 528b ("Temporary appointments must be filled utilizing certification and appointment procedures which are the same as if the appointment is permanent."). This "fatal flaw" in the drafting results in part from "tying PERB's jurisdiction to the definition of regular employee found in section 451 of title 3 of the Virgin Islands Code, a definition that has not been amended since it was adopted in 1960 and that does not encompass the employees of many instrumentalities." *Baumann*, 68 V.I. at 355.

¶ 15. Unfortunately, although the Legislature may have intended for permanent employees of instrumentalities like Thompson to be able to appeal to PERB, the Court cannot rewrite multiple provisions of a statute to correct drafting errors. *Id.* at 356 ("[I]f the Legislature's intent is contrary to what is expressed in the statute, it is incumbent upon it to enact legislation using language that properly expresses that intent."). To reverse PERB, the Court would have to ignore sections 451 and 451a and interpret section 530 in a manner that is illogical and contrary to precedent. This the Court cannot do.

¶ 16. Thompson relies on *V.I. Port Auth. v. Gov't Emps. Servs. Comm'n*, 983 F.2d 548 (3d Cir. 1993) ("*Fitch*"), which interpreted an old version of section 530 and found that PERB had jurisdiction over a VIPA employee. At the time, section 530(a) read:

> Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, including the Executive Directors of the Virgin Islands Water and Power Authority and the Virgin Islands Port Authority, decides to dismiss, demote, or suspend a regular employee, *or employee of the Virgin Islands Water and Power Authority or the Virgin Islands Port Authority*, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission . . . .

*Id.* at 550 (quoting 3 V.I.C. § 530(a)) (emphasis added). Since then, section 530 has undergone numerous changes. *See Baumann*, 68 V.I. at 346–52 (explaining the full legislative history). The emphasized words that expanded PERB's jurisdiction beyond just regular employees no longer appear in the statute. Therefore, *Fitch* is inapplicable on this issue.

¶ 17. Even if the Court were to ignore the definition of "regular employee" in section 451, and look only to section 530, Thompson would not qualify. Under section 530, a regular employee is one appointed to a "position in the classified or career service." The classified service is not defined in section 530, so the Court must look to other sections, despite Thompson's wishes to the contrary.

Reading section 530 in isolation leaves many unanswered questions and would run counter to basic maxims of statutory construction. *In re Catalyst Third-Party Litig.*, 67 V.I. 16, 22 (V.I. Super. Ct. 2015) ("'[W]hen reviewing a statute, each statutory provision should be read by reference to the whole statute' and that 'the statute should be interpreted to give consistent, harmonious and sensible effect to all its parts.'") (quoting *In re Infant Sherman*, 49 V.I. 452, 463 (V.I. 2008)). Section 451a makes clear that VIPA employees are not classified or career service employees.

¶ 18.    The current version of section 530 contains separate defined terms, likely to clarify which employees can appeal to PERB. However, the drafting errors have made what should be a straightforward issue, even more confusing and prone to litigation. To correct these errors and allow employees of the instrumentalities to appeal to PERB, the Legislature needs to decouple PERB's jurisdiction with status as a classified service employee or otherwise provide a route for employees of the instrumentalities to attain classified status. This could be accomplished either by (1.) reverting to the version of section 530(a) interpreted in *Fitch*, 983 F.2d at 550; or by (2.) amending sections 451 and 451a to allow PERB employees to attain classified status. Under the existing version of section 530, Thompson, a permanent employee of VIPA, does not have the right to appeal to PERB. For this reason, PERB's conclusion that it lacked jurisdiction was correct.

¶ 19.    VIPA briefly argues that Thompson is also an exempt employee under section 451a(b)(8), which provides:

> an officer or employee in a position of a policy-determining nature when the position is so designated by the Governor and submitted to the Legislature; and an employee who is a special assistant, or who is on special assignment to, or whose position requires a confidential relationship with a policy-making official when the position is so designated by the Governor and submitted to the Legislature.

PERB's decision discussed this issue, though it was not necessary for its final holding, which appears based on section 530. There is nothing in the record showing that the position of General Counsel at VIPA was designated by the Governor as a "policy-determining" position and "submitted to the Legislature." Therefore, Thompson's position could not be exempt under section 451a(b)(8).

¶ 20.   Last, the Court notes the parties' confusion about the status of *Chevron* deference in the Virgin Islands and provides some guidance. Most recently, the Virgin Islands Supreme Court has rejected *Chevron* deference. *See Bryan v. Fawkes*, 61 V.I. 201, 228 (V.I. 2014) (rejecting *Chevron* deference because the underlying policy considerations do not apply in the Virgin Islands); *but see Crooke*, 54 V.I. 237, 256 (V.I. 2010) (deferring to an agency interpretation of law). Thus, when faced with an ambiguous statutory provision, Virgin Islands courts need not defer to an agency's interpretation. *See, e.g., In re Gallivan v. Gov't Emps. Ret. Sys.*, 70 V.I. 475, 483 (V.I. Super. Ct. 2019); *see also Pedro v. Ranger Am. of the V.I., Inc.*, 63 V.I. 511, 517 n.4 (V.I. 2015) (affirming rejection of *Chevron* and *Skidmore* deference).

### b. The way VIPA hired Thompson does not affect her status as an exempt employee.

¶ 21.   An administrative practice cannot supersede the language of a statute. *Free Speech Coal., Inc. v. AG of the United States*, 677 F.3d 519, 539 (3d Cir. 2012). Nevertheless, Thompson argues that VIPA's hiring procedures were tantamount to the procedures set forth in chapter 25 for attaining a position in the classified service. Thompson was hired by competitive examination based on merit and fitness and successfully served her probationary periods. However, VIPA employees have never been required to comply with the regulations issued by the Director of Personnel, and therefore Thompson did not meet those requirements. In any event, no matter how similar the hiring process Thompson underwent was to that of an employee in the classified service, the clear language of

section 451a cannot be overlooked. VIPA employees are specifically exempted from the classified service.

### c. The way VIPA terminated Thompson does not affect her inability to appeal to PERB.

¶ 22. As Thompson is not a regular employee with the right to appeal to PERB, the Court will not definitively resolve whether the method of her termination—i.e., by governing board or head officer—would affect PERB's jurisdiction. Cases addressing this issue previously have reached divergent outcomes. *Compare Baumann*, 68 V.I. at 358, *with Fitch*, 983 F.2d at 550 ("Under such a narrow construction, the governing board could do an end run around the [PERB] simply by having someone other than the executive director dismiss an employee."). This is another area where section 530 might benefit from amendment. In its current form, section 530 gives PERB jurisdiction over appeals only when the employee is terminated by a "head officer." This opens an easy workaround for government agencies and instrumentalities that wish to insulate themselves from review by PERB. Rather than allowing a head officer to deliver the termination, they can merely utilize the governing board. In Thompson's case, the Board of VIPA delivered her termination, thereby evading PERB review. The Court need not resolve this issue, having already decided that PERB lacked jurisdiction over Thompson's appeal for other reasons.

### IV. Conclusion

¶ 23. The Court finds that PERB correctly determined Thompson was not a "regular employee" of VIPA and therefore could not appeal her termination. The apparent legislative intent for including the government instrumentalities in section 530 is to give at least some of their employees the right to appeal to PERB. However, as drafted, sections 451, 451a, and 530 prevent that goal from being

accomplished and courts lack the power to amend statutes. For the reasons explained above, PERB's

decision is affirmed. An order of even date follows.

Dated: February ⁰⁄, 2021

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

NYCOLE THOMPSON,                           )
                                           )        Case No. ST-18-CV-720
            Petitioner,                    )
                                           )        ACTION FOR WRIT
        vs.                                )        OF REVIEW
                                           )
PUBLIC EMPLOYEES RELATIONS BOARD           )        Cite as 2021 VI Super 16
AND VIRGIN ISLANDS PORT AUTHORITY,         )
                                           )
            Respondents.                   )
                                           )

## ORDER

**AND NOW**, consistent with the Memorandum Opinion, it is hereby

**ORDERED** that PERB's Decision and Order dated October 9, 2018 is **AFFIRMED**; and it

is further

**ORDERED** that copies of this Order and Memorandum Opinion shall be distributed to

Namosha Boykin, Esquire, Kye Walker, Esquire, Larry Raymond-Roy, Esquire, and Henry C.

Smock, Esquire.

Dated: February 11, 2021

                                        Renée Gumbs Carty
                                        Judge of the Superior Court
                                        of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Donna D. Donovan
    Court Clerk Supervisor  2/5/2021